**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KAMAL M. CALLWOOD,

        Petitioner,

vs.	Case No.	3:12-cv-562-TJC-MCR
		3:09-cr-85-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.

## ORDER

This case is before the Court on Petitioner Kamal Callwood's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1).[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

**I. Background**[2]

On December 17, 2009, petitioner was charged by superseding indictment with possession of a firearm and ammunition by a convicted felon (Count One), possession with intent to distribute marijuana (Count Two), maintaining and controlling a residence used for unlawful storage of controlled substances (Count Three), possession of a firearm in

---

[1] Citations to petitioner's criminal case file, United States of America v. Kamal M. Callwood, 3:09-cr-85-J-32MCR, are denoted as "Crim. Doc. ___." Citations to petitioner's civil § 2255 case file, 3:12-cv-562-TJC-MCR, are denoted as "Doc. ___."

[2] Petitioner filed an affidavit (Doc. 2), which the Court construes as a motion seeking the undersigned's disqualification. However, because the only ground Petitioner cites is based solely on rulings the Court made in the underlying criminal case, the motion is denied. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

furtherance of a drug trafficking crime (Count Four), and assaulting an officer (Count Five). Crim. Doc. 28. Petitioner pleaded guilty to Counts One, Two, and Four of the superseding indictment pursuant to a written plea agreement (Doc. 8-1; Crim. Doc. 55) and was sentenced on April 20, 2011 to a total term of 168 months' imprisonment. Crim. Doc. 71. Petitioner filed a direct appeal and on February 10, 2012, the Eleventh Circuit issued an Order (Crim. Doc. 112) granting the government's motion to dismiss petitioner's appeal based upon the valid sentence-appeal waiver in his plea agreement. Petitioner did not file a petition for certiorari with the United States Supreme Court, and his conviction became final when the time for filing such petition expired on May 10, 2012.

Section 2255 motions are governed by a one year limitations period under 28 U.S.C. § 2255(f). Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). A motion is timely if filed within one year of one of four triggering events, in this case the date on which petitioner's conviction became final. 28 U.S.C. § 2255(f)(1). Accordingly, petitioner had until May 10, 2013 to file a timely section 2255 motion and the instant motion, dated May 4, 2012, is therefore ripe for review.

**II. Discussion**

In his § 2255 motion, petitioner raises two grounds that he contends entitle him to habeas relief: that this Court lacked jurisdiction to adjudicate him guilty and sentence him as to Count Four, and ineffective assistance of counsel based on his attorney's alleged misadvice regarding the effect on petitioner's sentence of his purported assault of one of the arresting officers. Each ground is considered separately.

A. Jurisdictional Challenge

Petitioner contends there was no factual basis for the charge or his plea and as a result this Court did not have jurisdiction to enter the judgment against him, and further that, by entering the judgment, the government violated his due process rights. Doc. 3 at 5-7. Though petitioner has not previously raised this claim, challenges to a court's jurisdiction may be raised at any time and are thus not subject to procedural default. United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002).

Petitioner relies upon Bailey v. United States, 516 U.S. 137 (1995), to support his contention that he could not properly have been convicted of possession of a firearm in furtherance of a drug trafficking crime because "[n]o firearm was found in the actual possession of movant and movant displayed no conduct of advancing for a weapon during his arrest." Doc. 3 at 5. In Bailey, the Court determined that "use" within the meaning of 18 U.S.C. § 924(c)(1), the statute forming the basis of Count Four in petitioner's case, required active employment of a firearm and that mere possession was insufficient, 516 U.S. at 145, 150, but the Court's analysis and conclusion were based upon a previous version of that statute. In November 1998, after the Supreme Court's decision in Bailey but prior to Petitioner Callwood's indictment, Congress amended § 924 to include mere possession. 18 U.S.C. § 924; see also United States v. Suarez, 313 F.3d 1287, 1291-92 (11th Cir. 2002)(discussing the 1998 amendment to § 924).

In Suarez, the Eleventh Circuit addressed the application of the revised § 924 language to a situation similar to petitioner's in which "firearms were distributed in several different places and easily accessible. They were all loaded, and additional ammunition was found loose in a bag in the master-bedroom closet . . . . None of the weapons was of a type

typically used for legal purposes, such as hunting." Id. at 1293. Finding the evidence sufficient to support the charge and conviction, the Court noted "Congress' intent in adding the possession 'in furtherance of' prong was to broaden the reach of the statute" and that, "although 'the presence of a gun within the defendant's dominion and control during a drug trafficking offense is not sufficient by itself to sustain a § 924(c) conviction,' a conviction was supported by 'a showing of some nexus between the firearm and the drug selling operation.'" Id. at 1292, 1293 (quoting United States v. Timmons, 283 F.3d 1246, 1252-53 (11th Cir. 2002), cert. denied, 537 U.S. 1004 (2002)).

Petitioner's argument thus falls flat. The revised § 924(c) language includes constructive possession, and the factual basis for petitioner's plea described the multitude of evidence discovered at the time of his arrest: buckshot ammunition in the bedroom where DEA agents encountered petitioner, a loaded Mossberg 12 gauge shotgun found just outside the bedroom "situated in the closet where the grip was pointing up and indeed readily accessible to one who opened the closet door[,]" another loaded shotgun and a loaded .40 caliber semiautomatic pistol in the guest bedroom closet, a loaded .45 caliber semiautomatic pistol in the living room, and a loaded AK-47 magazine in a kitchen cabinet. Doc. 8-1 at 20.[3] Moreover, the Court noted as part of its § 3553(a) findings that the requisite nexus to support a conviction had been established by petitioner's plea. Doc. 8-3 at 92 ("The nature and circumstance of the charged offense here is that we have the combination of guns and drugs. Admittedly, it's a relatively small amount of drugs, as these things go. But

---

[3] The plea agreement identifies the loaded shotgun found in the closet just outside the bedroom where agents encountered petitioner as the specific weapon he pleaded guilty to possessing in Counts One and Four. Doc. 8-1 at 1-2.

4

there's no question that there were guns and drugs in this house and that -- by Mr. Callwood's plea, he's acknowledged the link between the two.").

Not only did the government therefore have a factual basis to charge petitioner with the offenses, but petitioner explicitly agreed during his plea colloquy that he committed the acts set forth in the indictment. Doc. 8-2 at 20. Following the government's recitation of the personalization of elements section of his plea agreement, the Court and Petitioner Callwood had the following exchange:

> THE COURT: All right. With regard to the personalization of elements section, Mr. Callwood, with regard to Count One, on or about November 5th, 2008, in Duval County, Middle Florida, <u>did you knowingly possess a firearm and ammunition</u> affecting interstate commerce; that is, a Mossberg 12 gauge shotgun, serial number R187-439, manufactured in Connecticut, and a FIOCCHI 12 gauge shotgun double-ought buckshot rounds, manufactured in Italy?
>     Yes or no?
> THE DEFENDANT: <u>Yes, Your Honor</u>.
>                         . . .
> THE COURT: And with regard to Count Four, did you commit the drug trafficking crime alleged in Count Two of the superseding indictment?
> THE DEFENDANT: Repeat that, Your Honor.
> THE COURT: <u>With regard to Count Four, which is possession of a firearm in furtherance of Count Two -- with regard to that particular charge in Count Four, sir, did you commit the drug trafficking crime alleged in Count Two</u> of the superseding indictment?
> THE DEFENDANT: <u>Yes, Your Honor</u>.
> THE COURT: And, also, <u>during the commission of the offense, did you knowingly possess a firearm</u>; that is, a Mossberg 12 gauge shotgun, serial number R187439, as charged?
> THE DEFENDANT: <u>Yes, Your Honor</u>.
> THE COURT: Let me ask you something, Mr. Callwood. Do you want to plead guilty this afternoon?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: I notice some hesitancy. I want to make sure this is what you want to do. You don't have to plead guilty if you don't want to.
>     Do you understand?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: All right. Do you want to go forward?

> THE DEFENDANT: Yes, Your Honor.
> THE COURT: All right, sir. <u>Did you possess the firearm in furtherance of the drug trafficking crime charged in Count Two</u> of the superseding indictment?
> THE DEFENDANT: <u>Yes, Your Honor</u>.

Id. at 23-25 (emphasis added).

Petitioner indicated to the Court several times throughout his plea colloquy that he knowingly possessed a firearm and did so in furtherance of a drug trafficking crime. The claims raised by petitioner in his § 2255 motion are therefore negated by his own admissions, including his express acknowledgment of the Court's jurisdiction:

> THE COURT: Page 13, paragraph five, there is a waiver of a right to appeal provision. <u>And it indicates, Mr. Callwood, that you agree that this court has jurisdiction</u> and authority to impose any sentence up to the statutory maximum, and that you expressly waive your right to appeal your sentence on any ground . . . .
>               . . .
>   So, Mr. Callwood, I need to ask you, sir, first of all, whether anyone forced you or threatened you in any way to get you to waive your right to an appeal?
> THE DEFENDANT: No, Your Honor.
> THE COURT: All right , sir. So you're doing so voluntarily?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Any questions, sir, about anything covered in your plea agreement?
> THE DEFENDANT: No, Your Honor.

Id. at 18-19 (emphasis added). Based on the plain language of the plea agreement and petitioner's admissions during his plea colloquy, the claim raised in Ground One of petitioner's § 2255 motion is meritless.

B. Ineffective Assistance of Counsel

In Ground Two, petitioner claims he received ineffective assistance from counsel based upon his attorney's alleged representations that he "would not receive any time" for assaulting one of the arresting officers. Doc. 3 at 8. Ordinarily, to prevail on a claim of

6

ineffective assistance of counsel, a petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that as a result petitioner suffered prejudice sufficient to undermine confidence in the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668 (1984).

Here, the Court need not even reach the merits of petitioner's ineffective assistance claim because petitioner waived his right to collateral review as part of his valid plea agreement. The Eleventh Circuit has explained that "during the plea colloquy, it is insufficient for the district court to merely inform the defendant that he may appeal under some circumstances. Rather, the Court must explain to the defendant, with specificity, the nature and extent of the appeal waiver." Lattimore v. United States, 185 Fed. Appx. 808, 810 (11th Cir. 2006) (citations omitted). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)).

In this case, petitioner signed a plea agreement containing a provision entitled "Defendant's Waiver of Right to Appeal and Right to Collaterally Challenge the Sentence" which stated "[t]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally (such as through a motion pursuant to 28 U.S.C. § 2255) on any ground," except for certain circumstances not applicable to

7

petitioner's case, doc. 8-1 at 13-14 (emphasis added), and petitioner identified his initials at the bottom of each page of the plea agreement signifying that he had read and understood the contents, doc. 8-2 at 14.

During the plea colloquy the Court explained to petitioner that his plea agreement contained a sentence appeal waiver and asked him whether anyone forced him to waive his right to appeal or whether he did so voluntarily, and whether he had any questions about his plea agreement. Doc. 8-2 at 7, 18-19. Petitioner informed the Court that he understood and freely waived his right to appeal and did not have any questions. Id. Indeed, the attorney for the government even highlighted the collateral appeal waiver, noting that he wanted the Court to "inquire, to make sure that Mr. Callwood understands what a collateral attack is and -- under 2255, and that he's waiving that, as well, under this plea agreement?" Doc. 8-2 at 19. The Court asked petitioner if he understood, and after conferring with his attorney, petitioner replied "All right[,]" and then "[y]es, sir" when the Court again asked "[d]o you understand that, sir, that you're waiving collateral attack as well?" Id.

In this case, the Court specifically questioned petitioner on several occasions whether he understood the rights he was waiving, including his right to collaterally attack his sentence, and whether he was waiving those rights knowingly and voluntarily, to which petitioner always replied in the affirmative. Where, as here, a petitioner knowingly and voluntarily entered into a plea agreement featuring a valid sentence appeal waiver he is precluded from collaterally attacking his sentence through a claim of ineffective assistance of counsel. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005)("Here, at the plea colloquy, the court specifically questioned Williams concerning the specifics of the

sentence appeal wavier and determined that he had entered into the written plea agreement, which included the appeal waiver, knowingly and voluntarily. The plain language of the agreement informed Williams that he was waiving a collateral attack on his sentence. Under these circumstances, the sentence-appeal waiver precludes a § 2255 claim[ ] based on ineffective assistance at sentencing." (citation omitted)).[4] In reaching its decision, the

---

[4] The Eleventh Circuit has recognized, however, that "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement." Williams, 396 F.3d at 1342 n.2. Absent the valid appeal waiver, petitioner's claim would nevertheless fail because petitioner cannot show that he suffered sufficient prejudice. Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010)("[B]ecause both parts of the [Strickland] test must be satisfied to show a Sixth Amendment violation, a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa.").
    Specifically, petitioner received a six-point enhancement under the Sentencing Guidelines and claims that "[h]ad he known this was possible, and absent the affirmative misrepresentation of counsel, movant would not have pled guilty." Doc. 3 at 8. However, though petitioner claims that "[w]hen approached with a plea agreement, [he] informed his attorney of record, Robert A. Ratliff, that he was unwilling to accept any plea agreement if he was going to be punished for assaulting the police officer[,]" id. at 9, he nevertheless concedes that pleading guilty was "perhaps certainly in his best interest" and "[f]rom the outset movant expressed an interest in resolving the case without a trial." Id. at 8, 9.
    Petitioner notes in his Memorandum of Law (Doc. 3) that "[c]ontrary to the assurances of counsel, the pre-sentence report recommended the application of a six-point enhancement for the alleged assault." Doc. 3 at 9. When given the chance to address the Court, however, petitioner did not indicate that he was advised he would not receive any prison time based on the assault. The Court conducted an evidentiary hearing at the sentencing hearing to see if the guideline enhancement was appropriate and determined that it was. (Doc. 8-3 at 6-56). Petitioner did not testify under oath, but later spoke at length at his sentencing regarding the alleged assault and continued to proclaim his innocence of that conduct. (See id. at 82-89). At no time did he inform the Court that he would not have pleaded guilty but for his belief, based on counsel's alleged misrepresentation, that his sentence would in no way reflect his assault on the officer nor did he express any dissatisfaction with counsel's representation.
    Finally, an attorney's misadvice regarding the application of the Sentencing Guidelines does not prejudice a defendant who pleads guilty after the district court warns the defendant of the authorized sentencing range and that his sentence may be different from anything that his attorney anticipated. Gambrel v. United States, No. CV 112-126, 2013 WL 3934205 at *11 (S.D. Ga., July 30, 2013); see also United States v. Wilson, 245

Eleventh Circuit explained that "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, rendering the waiver meaningless." Id. Consideration of the merits of the claims raised by petitioner in his § 2255 motion would have the same effect here.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Kamal M. Callwood's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to close the file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(l). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §

---

F. App'x 10, 11-12 (11th Cir. 2007) (no prejudice where district court "cured" counsel's misadvice regarding sentencing implications by explaining the consequences of the plea agreement, the range of punishment, and sentencing contingencies before the defendant accepted the plea agreement). Here, the Court specifically informed Petitioner that the Sentencing Guidelines were advisory, that Petitioner's sentence could be different from anything his attorney told him, and advised him of the maximum sentences available as to Counts One and Two, as well as the minimum and maximum sentences as to Count Five. (Doc. 8-2 at 8-11). Thus, Petitioner pled guilty fully apprised of his maximum exposure.

2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of August 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ab.

Copies:

Counsel of Record

pro se party